841 F.2d 1125
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martin ANGEL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-1408.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1988.
 
 Before ENGEL, MERRITT and CORNELIA G. KENNEDY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Martin Angel appeals a judgment entered in the United States District Court for the Eastern District of Michigan affirming the Secretary of Health and Human Services' denial of his claim for a period of disability and disability benefits.
 
 
 2
 Angel was born on February 26, 1938, and attended school through the fifth grade. Angel worked for the Ford Motor Company from 1963 through July 1979 as a general laborer, an automatic welding machine operator, a bracket breaker in the glass division, a hi-lo operator, and an inspector.
 
 
 3
 Angel filed this claim for a period of disability and disability benefits on December 7, 1984, claiming that he was disabled as of March of 1983 due to back pain, leg pain and emphysema. Angel's application was denied. The ALJ held that Angel's impairments did not prevent him from performing his past relevant work. The Appeals Council found that the ALJ's decision that Angel could perform his past relevant work was not based on substantial evidence. The Appeals Council did find that Angel was capable of performing other light work. On review in the district court the magistrate found substantial evidence supporting the Secretary's decision. The district judge adopted the magistrate's report and recommendation.
 
 
 4
 On appeal Angel contends that the Secretary's finding that Angel retained a residual functional capacity to perform light work was not supported by substantial evidence, that the Secretary improperly evaluated Angel's non-exertional complaints of pain, and that neither the Appeals Council or the ALJ adequately explained how the facts found in relation to a prior claim had changed.
 
 
 5
 The order of the trial court adopting the magistrate's report and accepting his recommendation contained language to the effect that "neither party filed timely objections." This observation was incorrect, for timely objections do indeed appear to have been filed on behalf of plaintiff. We do not know whether the trial judge in fact was unaware of the objections or whether the language was inserted in the order in error. In any event, we do not believe that a remand is necessary. Nor do we believe we are precluded from our own review by any of the principles set forth in Thomas v. Arn, 474 U.S. 140 (1985).
 
 
 6
 Upon a careful review of the entire record as a whole, we conclude, as did the district judge and the magistrate, that the substantial evidence exists to support the Secretary's decision to deny benefits.
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.